773 A.2d 757

**PENNSYLVANIA STATE BUILDING AND CONSTRUCTION TRADES COUNCIL, AFL–CIO, and Central Pennsylvania Building Trades Council**

v.

**PREVAILING WAGE APPEALS BOARD,**

**Petition of Commonwealth of Pennsylvania, Department of Labor And Industry, Bureau Of Labor Law Compliance, Intervenor @ 120 MAL 2001,**

**Petition of Pennsylvania National Mutual Casualty Insurance Company, Intervenor, @ 121 MAL 2001.**

Supreme Court of Pennsylvania.

June 1, 2001.

## ORDER

PER CURIAM:

**AND NOW,** this 1st day of June, 2001, the Petitions for Allowance of Appeal are hereby **GRANTED.** Furthermore, Petitioner Department of Labor and Industry's "Application for Relief" is hereby **GRANTED.** The Prothonotary is hereby ordered to set an expedited argument and briefing schedule. Finally, Petitioner/Intervenor Pennsylvania National Mu-

tual Casualty Insurance Company's "Application for Review of Denial of Supersedeas" is **GRANTED.** Pursuant to Pa.R.A.P. 3315, the order of the Commonwealth Court at No. 1079 C.D.2000 dated February 27, 2001 denying Petitioner/Intervenor Pennsylvania Mutual Casualty Insurance Company's Application For Supersedeas is hereby **REVERSED.** Supersedeas is granted, subject to the following conditions:

1. To the extent it has not done so, Pennsylvania National Mutual Casualty Insurance Company shall post and maintain security under the provisions of Pa.R.A.P. 1731 and 1734 in the amount of 120% of the difference between the wages actually paid on the construction project and the amount required to be paid under the Prevailing Wage Act.

2. Pennsylvania National Mutual Casualty Insurance Company is required to deposit additional security on the first business day of each month to maintain the security at the 120% level.